UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORFUNDING, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ADAM ELHAG, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 19-cv-02038-BAS-MDD<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>**(ECF No. 33)** |

　　　Before the Court is Torrey Firm PC and Rebecca L. Torrey's Motion to Withdraw as counsel for Plaintiff Corfunding, LLC ("Corfunding") in the above-captioned matter. (ECF No. 33.) Ms. Torrey seeks to withdraw because of "an irreconcilable breakdown in the attorney-client relationship" and has attached a declaration attesting to the same and to the non-prejudicial nature of the Motion. (ECF No. 33-1.)

　　　Parties generally may plead and conduct their own cases personally. 28 U.S.C. § 1654. However, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney." Civ. L.R. 83.3(j). "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." *Id.*; *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th

Cir. 1993) (affirming district court's entry of default judgment against the corporation when the corporation failed to retain counsel for the duration of the litigation and attempted to proceed through its unlicensed president and sole shareholder); *Greenspan v. Admin. Office of the United States Courts*, No. 14cv2396 JTM, 2014 WL 6847460, at *6 (N.D. Cal. Dec. 4, 2014) (dismissing corporate plaintiffs for failure to obtain legal representation).

Here, if Ms. Torrey is permitted to withdraw, Corfunding would be without counsel in this action. No other counsel has appeared on behalf of Corfunding, and there is no indication that retaining new counsel for Corfunding is imminent. Consequently, permitting this withdrawal would leave Corfunding, an "artificial" legal entity, proceeding without counsel in direct contravention to this district's Civil Local Rules. *See* Civ. L.R. 83.3(j); *Rowland*, 506 U.S. at 201–02. Corfunding's inability to retain counsel is, in turn, likely to result in dismissal. *See Greenspan*, 2014 WL 6847460, at *6.

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** the motion for leave to withdraw as counsel of record. (ECF No. 33.) In the event Corfunding retains new counsel within the next thirty days, Ms. Torrey and her firm may immediately renew their request to withdraw as counsel. However, if Corfunding is unable to retain new counsel in anticipation of Ms. Torrey's withdrawal within the next thirty days, Ms. Torrey may file a renewed motion **no earlier than November 16, 2020** to withdraw herself and her firm as counsel of record. If a renewed motion is filed, it should describe the ongoing efforts to seek new counsel in addition to the ongoing relationship with Corfunding and include the appropriate declaration of service required by Local Civil Rule 83.3(f)(3)(b). **Corfunding is warned that if it cannot obtain new legal representation, this case is likely to be dismissed.**

**IT IS SO ORDERED.**

**DATED: October 13, 2020**

Hon. Cynthia Bashant
United States District Judge