# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORFUNDING, LLC,<br><br>                       Plaintiff,<br>  v.<br>ADAM ELHAG,<br>                       Defendant. | Case No. 3:19-cv-02038-BAS-MDD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS CASE WITHOUT PREJUDICE**<br><br>**(ECF No. 35)** |

Plaintiff moves to dismiss this case without prejudice ("Motion to Dismiss" or "Motion"). (ECF No. 35.) Defendant opposes and requests that the case either be dismissed with prejudice or that certain specific conditions be imposed before granting the Motion to Dismiss ("Opposition"). (ECF No. 36.) Counsel for Plaintiff has filed two declarations in support of the Motion (ECF Nos. 37 and 38), and Defendant has filed a response. (ECF No. 39.) For the reasons stated below, the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

On October 23, 2019, Plaintiff filed this Complaint for misappropriation of trade secrets, claiming that its ex-employee Adam Elhag had stolen confidential business leads and client relationships and sent them to competitors, including the other listed Defendants. (ECF No. 1.) Plaintiff has settled with the other Defendants and only Adam Elhag remains in the case. (ECF No. 30.) Mr. Elhag filed his answer on April 13, 2020. (ECF No. 18.)

The Magistrate Judge held a Case Management Conference on July 13, 2020. (ECF Nos. 31, 32.) Discovery cut-off is set for February 12, 2021. (*Id.*)

On October 12, 2020, Plaintiff's counsel moved to withdraw as counsel. (ECF No. 33.) The Court denied the motion on October 13, 2020, pointing out that corporations, partnerships, and legal entities may appear in court only through an attorney. (ECF No. 34.) The Court suggested Plaintiff look for new counsel and warned that if new counsel was not located, the case was likely to be dismissed. (*Id.*) Two days later, Plaintiff filed this Motion to Voluntarily Dismiss Case without prejudice. (ECF No. 35.)

In the Motion, Plaintiff claims that because of the "devastation of the pandemic on the business of the Plaintiff and the personal life of its founder, Plaintiff has ceased operations and is wrapping up its business affairs." (*Id.*) Plaintiff's counsel details the attempts she has made to locate replacement counsel. (*See* Supp. Decl. of Rebecca Torrey in supp. of Mot., ECF No. 38.)

Apparently, the parties are also embroiled in litigation in state court. According to Defendant's counsel, Mr. Elhag was sued by National Funding, Inc. in San Diego Superior Court in February 2019, also for trade secret misappropriation relating to the theft of leads. (Decl. of Micah L. Bailey in supp. of Opp'n ("Bailey Decl.") ¶ 3, ECF No. 36-1.) Initially, because Mr. Elhag was employed by Plaintiff at the time, Plaintiff paid for Mr. Elhag's defense. (Bailey Decl. ¶ 4.) However, in July 2019, after Plaintiff terminated Mr. Elhag's employment, Plaintiff ceased paying for this defense. (Bailey Decl. ¶ 5.) When Plaintiff refused to respond to Mr. Elhag's demand that the costs of the state court defense be indemnified, on October 25, 2019 (three days after Plaintiff filed the Complaint in this federal case), Mr. Elhag filed a cross-complaint in the state court litigation to recover attorney's fees and costs, plus damages for unpaid overtime meals breaks, rest breaks and unreimbursed expenses. (Bailey Decl. ¶ 7.) That state court case is still pending, and Ms. Torrey claims she was allowed to withdraw as counsel in the state court case. (Decl. of Rebecca Torrey in supp. of Mot. ¶ 2, ECF No. 37.) Ms. Torrey expresses concern that

Defendant's attempt to have this case dismissed with prejudice would be used against Plaintiff in the state court case. (*Id. ¶* 9.)

## II. ANALYSIS

Under the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss a case after the Answer has been filed "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, a dismissal is without prejudice. *Id.* "The decision to grant a voluntary dismissal under [this Rule] is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982).

"In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Id.* "Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Id.*; *see also Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005) ("Prejudice does not arise simply because a second action has been or may be filed against the defendant.") "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of the pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). Other practical factors include: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation." *Brown*, 413 F.3d at 1124. "These factors are neither exhaustive nor conclusive." *Id.* The court must consider the equities, not only facing the Defendant, but those facing the Plaintiff. *Id.*

Defendant has failed to demonstrate plain legal prejudice if this case was dismissed without prejudice. This case is still in the early stages of litigation. By Defendant's own admission, Plaintiff has not served any discovery nor required any action on its part. No motions are pending. The only motions filed of any consequence that have been ruled on

are a joint motion for dismissal of the other Defendants and Plaintiff's counsel's attempt to withdraw from the case. Given the present stage of the litigation and Plaintiff's explanation for the request, the Court finds dismissal without prejudice is appropriate.[1]

Defendant requests that the dismissal be conditioned on various discovery conditions. However, the Court notes that there is ongoing litigation in Superior Court. If Defendant wishes to pursue this discovery, he can do so in state court. The Court declines to impose the requested conditions on Plaintiff's motion.

### III. CONCLUSION AND ORDER

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Voluntarily Dismiss the Case Without Prejudice (ECF No. 35). The clerk is directed to close this case.

**IT IS SO ORDERED.**

**DATED: February 1, 2021**

Hon. Cynthia Bashant
United States District Judge

---

[1] Plaintiff filed a "Request for Dismissal With Prejudice" on January 28, 2021, in which Plaintiff appears to agree to dismiss the case with prejudice, although the request does not withdraw Plaintiff's previously filed Motion to Dismiss Without Prejudice. (ECF No. 40.) Having found that dismissal without prejudice is appropriate, the Court **DENIES AS MOOT** this request. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) ("Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance 'upon such terms and conditions as the court deems proper.' That broad grant of discretion does not contain a preference for one kind of dismissal or another.").